UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM D. BROWN, JR.,                    Case No. 1:17-cv-343
                                                                                Dlott, J.
                                                                                Bowman, M.J.

                  Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff William Brown filed this Social Security appeal in order to challenge the Defendant's denial of his disability claim after remand from this Court. *See* 42 U.S.C. §405(g). Proceeding *pro se* in this Court, Plaintiff presents a single claim of error. For the reasons explained below, I conclude that the ALJ's finding of non-disability is supported by substantial evidence and should be AFFIRMED.

**I. Summary of Administrative Record**

On June 24, 2013, Plaintiff protectively filed an application for supplemental security income ("SSI"), alleging disability a decade earlier, based primarily upon a seizure disorder, migraines, and mental illness. After his claim was denied initially and on reconsideration, Plaintiff requested an evidentiary hearing before an administrative law judge ("ALJ"). On January 8, 2016, Plaintiff – who was then represented by an experienced social security attorney – appeared before ALJ Robert W. Flynn.[1] Both

---

[1] The hearing transcript and ALJ decision reflect that Plaintiff was represented by James Roy Williams, an attorney who has appeared frequently before this Court in social security cases.

1

Plaintiff and his roommate provided testimony, as did a vocational expert. On March 28, 2016, ALJ Flynn issued an adverse written decision, denying Plaintiff's claim of disability.

Plaintiff was 25 years old on the date of the onset of his alleged disability, and was 35 years old, still defined as a "younger individual" for purposes of social security, on the date that he filed his application.[2] (Tr. 39). He had a high school education and testified that he took some college coursework in electrical training but did not earn a degree. He previously performed skilled work as an electrician at the medium exertional level, and unskilled work as a fast food crewmember at the light exertional level.

The ALJ determined that Plaintiff suffers from severe impairments of seizure disorder, migraines, depressive disorder, anxiety disorder/post-traumatic stress disorder, and alcohol abuse. (Tr. 30). The ALJ also found non-severe impairments including status post orbital and maxillary fractures, thrombocytopenia, hypokalemia, hyperemesis, tobacco abuse, and status post-remote cocaine induced myocardial infarction. (Tr. 30-31). However, the ALJ determined that Plaintiff did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, such that Plaintiff was entitled to a presumption of disability. (Tr. 31). Instead, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of medium work with the following restrictions:

> [T]he claimant can lift/carry/push/pull up to 50 pounds occasionally and 25 pounds frequently; stand/walk for a total of six hours in an eight hour workday; and sit for a total of six hours in an eight hour workday. The claimant can never climb ladders, ropes, or scaffolds, and can occasionally climb ramps or stairs. The claimant must avoid concentrated exposure to extreme cold; must avoid hazards, such as exposure to unprotected heights, the use of moving machinery, commercial driving, and exposure to unprotected bodies of water or unprotected sharp objects. In addition, the claimant is limited to work that involves simple, routine and repetitive tasks; performed in a low stress environment, defined as free of fast-paced

---

[2] Regardless of the actual or alleged onset date of disability, an SSI claimant cannot obtain benefits prior to the month that he files his application. *See* 20 C.F.R. § 416.335.

2

> production requirements, involves only simple work-related decisions, has few – if any – work place changes, no interaction with the general public and only occasional interaction with the co-workers or supervisors.

(Tr. 33).

There is no dispute that Plaintiff cannot perform any of his past work. (Tr. 39). However, based on the testimony of a vocational expert, the ALJ determined that Plaintiff remains capable of performing a substantial number of jobs in the national economy, including the representative unskilled occupations of lab equipment cleaner, produce packer, and commuter supply worker. (Tr. 40). Therefore, the ALJ concluded that Plaintiff was not under a disability. (*Id.*)

Plaintiff argues that the ALJ erred because he "did not have all my medical records and have judged my case porly [sic]." The second portion of Plaintiff's one-sentence Statement of Errors asks this Court to review what he describes as an "additional 210 pages" of medical records that Plaintiff believes will prove he is disabled. (Doc. 10 at 1). In part because this Court's review of an ALJ's decision is limited to the record presented before the ALJ, and in part because the tendered evidence is neither new nor material, I find no error and no basis for reversal or remand.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

Whether considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant

can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. Plaintiff's Claim**

Plaintiff's claim, construed liberally, is that substantial evidence does not support the ALJ's adverse disability decision. Documents attached to Plaintiff's one-sentence Statement of Errors appear to be a collection of 210 pages of hospital treatment records dated May 6-11, 2015, approximately 9 months prior to the ALJ's March 28, 2016 written decision. However, this Court cannot consider evidence submitted *after* the ALJ issued his decision to determine whether substantial evidence at the time, to uphold the ALJ's decision. *See Cline v. Com'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993). Based upon the evidence cited by the ALJ, including the medical records before the ALJ and the medical opinion evidence that he discussed, I conclude that substantial evidence existed to support his determination.

Relevant to the review of Plaintiff's general claim of error, the undersigned notes that the ALJ was critical of Plaintiff's subjective complaints of disability symptoms, which were not well-supported by objective evidence, and explained multiple reasons for a fairly strong adverse credibility finding in this case. In considering Plaintiff's "overall credibility," the ALJ found that "the evidence fails to document that the claimant has demonstrated

5

most of the signs associated with debilitating disorders." (Tr. 34). For example, with respect to Plaintiff's alleged seizure disorder, the ALJ found no evidence of confirmation by EEG or MRA findings and noted that the seizure type activity that had been confirmed "has been coupled with alcohol use and/or alcohol withdrawal." (Tr. 35). In addition, and contrary to Plaintiff's testimony that he has always taken his medications as prescribed, the ALJ cited records demonstrating noncompliance with medications, and noncompliance with recommendations to discontinue alcohol abuse and participate in alcohol treatment. (Tr. 35). The ALJ cited numerous inconsistencies in Plaintiff's testimony and medical records, such as a denial of problems with the law or drug and alcohol abuse that stood in contrast to multiple records documenting drug abuse of LSD, Dramamine and cocaine and alcohol abuse, among other inconsistencies. (Tr. 37). The ALJ also noted that notwithstanding Plaintiff's testimony that he did not see his father more than at Christmas, "the evidence of record showed that the claimant occasionally worked with his father as a truck driver." (*Id.*)

Because Plaintiff proceeds pro se in this Court, the undersigned has liberally construed his Statement of Errors as suggesting that remand could be appropriate for review of the tendered exhibits under Sentence Six of 42 U.S.C. § 405(g). While the medical records not previously presented to the ALJ cannot be considered to determine whether substantial evidence exists to uphold the ALJ's decision, new evidence may be considered under certain conditions to determine whether remand is appropriate under Sentence Six. *See Cline v. Com'r of Soc. Sec.*, 96 F.3d at 148. However, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is both new, in that it was "not in existence or available to the claimant at the time of the administrative proceeding," and "material," meaning there is "a reasonable probability that

6

the Secretary would have reached a difference disposition." *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001) (internal quotations and citations omitted); *see also Hollon ex rel. Hollon v. Com'r of Soc. Sec.,* 447 F.3d 477, 483 (6th Cir. 2006). Moreover, the plaintiff must also establish good cause for his failure to earlier present the evidence to the ALJ. *See Bass v. McMahon,* 499 F.3d 506 (6th Cir. 2007).

On the record presented, Plaintiff cannot meet his burden to show good cause for his failure to earlier present the evidence. It is Plaintiff's burden to provide a complete record. *See* 20 C.F.R. § 404.1512. Plaintiff was represented by experienced counsel at the hearing level and had ample opportunity to advise the ALJ if there was additional evidence, including the May 2015 hospital treatment records, that he wished for the ALJ to consider prior to issuance of the decision. The ALJ specifically inquired if there were any additional medical records to be considered, and counsel responded "No." (Tr. 49-50). *See Cline*, 96 F.3d at 149 (holding that Plaintiff could not show good cause based upon an argument that his attorney was not sufficiently acquainted with his client); *Holton ex rel. Holton*, 447 F.3d at 485 ("Holton has not even attempted to show that these materials were unavailable to her or her prior counsel during the course of the administrative proceedings"); *Foster v. Halter*, 279 F.3d at 357 (to prove "good cause," Plaintiff must demonstrate "a reasonable justification for the failure to acquire and present the evidence" to the ALJ) (additional citation omitted). Here, Plaintiff offers no explanation at all for his and/or his attorney's failure to submit the records to the ALJ.

Despite Plaintiff's failure to show good cause, the undersigned has nevertheless reviewed the tendered evidence, which shows that Plaintiff received inpatient hospital treatment from May 5-11, 2015 for alcohol abuse and mental health issues. (See Docs. 10-1, 10-2, 10-3). The records cannot be considered "new" insofar as they existed and

7

should have been available to Plaintiff approximately seven months prior to the hearing, and more than nine months prior to the ALJ's written decision. Plaintiff's failure to show the evidence is "new" in any way defeats any claim that this Court should remand under Sentence Six. *Accord Cuthbertson v. Com'r of Soc. Sec.*, Case No. 1:11-cv-582, 2012 WL 2620257, at **5–6 (S.D.Ohio July 5, 2012).

Even if Plaintiff could show both that the records were "new" and that he had good cause for failing to present the records to the ALJ in this case, he still has failed to show that the evidence is "material." "In order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

The tendered records bear most heavily upon the ALJ's assessment of Plaintiff's mental limitations. However, the ALJ already determined that Plaintiff was limited to unskilled work involving simple, routine and repetitive tasks, a low-stress environment, free of fast-paced production requirements, including only simple work-related decisions, with few, if any, work place changes, no interaction with the general public and only occasional interaction with co-workers or supervisors. (Tr. 33). In assessing Plaintiff's mental RFC, the ALJ gave great weight to the opinions of Christopher C. Ward, Ph.D., an examining psychological consultant. (Tr. 38, citing Tr. 366-371). Dr. Ward's opinions appear to be well-supported, and it was reasonable for the ALJ to give them great weight in assessing Plaintiff with less than disabling mental limitations.

In addition, the May 2015 records reflect that on the date of discharge, Plaintiff did not participate in recommended treatment (Doc. 10-2 at 39), a factor that the ALJ explicitly

8

cited in evaluating Plaintiff's disability claim and in finding him less than fully credible. Upon discharge, Plaintiff's clinical findings were benign and within normal limits (*see* Doc. 10-1 at 33-39). The ALJ cited similar clinical findings in evaluating Plaintiff's RFC, and in concluding that the evidence did not support greater limitations. (Tr. 36, 368-69, 639). Thus, there is no "reasonable probability" that the ALJ would have reached a different conclusion on the issue of Plaintiff's disability if he had been presented with the May 2015 hospital admission records.

In sum, the records that Plaintiff urges this Court to consider cannot be considered to determine whether substantial evidence existed to support the ALJ's decision. The undersigned finds, based upon the administrative record that was before the ALJ at that time, that the March 28, 2016 non-disability determination is substantially supported. With respect to remand under Sentence Six in order to consider the May 2015 hospital records, the undersigned concludes that remand is not warranted because Plaintiff has failed to show "good cause" for his failure to submit that evidence to the ALJ, and has also failed to show that the evidence is either "new" or "material."

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be **AFFIRMED** as supported by substantial evidence, and that this case be **CLOSED**.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| WILLIAM D. BROWN, JR., | Case No. 1:17-cv-343 |
| | Dlott, J. |
| | Bowman, M.J. |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).